**MAZURIE, In Re**

Ohio Probate Court, Tuscarawas Co

Decided Aug 9, 1937

Charles E. LaPorte, Urichsville, for proponents.

## OPINION

By LAMNECK, J.

Cora J. Mazurie died on July 14, 1937, leaving an instrument purporting to be her last will and testament, which is a typewritten paper executed at the end as follows:

"In Testimony Whereof I have hereunto set my hand this sixth day of December, 1935.

.....................

"Signed and acknowledged by the said Cora Z. Mazurie as her last will and testament in our presence, and signed by us as witnesses, at her request, and in the presence of each other.

Cora Z. Mazurie

R. H. Mellor
E. A. Chaney,
Witnesses."

Since the signature appears at the end of the typewritten attestation clause instead of at the end of the typewritten testimonium clause, the quesion arises as to whether or not it is signed at the end as required by law.

The court is aware of the decision in the case of **Schubert v Christman, 16 Oh Ap 432,** where the decedent signed in the body of the testimonium clause; of the case of **Mauk v Shellenbarger, 84 Oh St 461,** where the signature appeared in the body of the attesting clause; and of the case of **Irwin v Jacques, 71 Oh St 395,** where a clause was written on the margin of the will. It was held in all of these cases that the will was not "signed at the end by the party making it" as required by **§10504-3, GC.**

The object of the requirement that a will must be signed at the end is to insure the identity of the instrument, and to prevent fraudulent additions to or alterations of the instrument.

When a signature appears in the body of the testimonium or attestation clause, it is not signed at the end and it could not be known whether such signature was intended as a valid execution or as a part of the scrivener's work, and consequently an instrument so signed is defective. Likewise, a clause appearing after the signature or on the margin of an instrument is not signed at the end, and if the law permitted such execution it would open the way to fraudulent additions after execution.

In this case, the purported will is a typewritten instrument typed on blank paper except for a printed heading reading "Last Will and Testament." The maker's signature appears in ink at the end of the attestation clause, and it is not disputed that it is her genuine signature. To the left of her signature appears the names of the two persons, in ink, followed by the word "witnesses," in ink. The instrument can easily be identified, and there is no space in the will above the decedent's signature which would permit additions to the instrument after its execution.

A will is valid even if it contains neither a testimonium nor an attestation clause.

Had this instrument been signed in the manner in which it is signed, with no testimonium or attestation clause in the body of the instrument, there would be no question about its validity because it would be signed at the end as required by law, and also attested by two witnesses. Adding the word "witnesses" after the signature of the witnesses has the effect of an additional attestation clause and supersedes the typewritten one.

Under such circumstances, the decedent's desires as to the disposition of her property should not be frustrated, and the testimonium clause and the typewritten attestation clause must be treated as mere surplusage.

The instrument will, therefore, be admitted to probate as the last will and testament of Cora Z. Mazurie, deceased.